[Civ. No. 44682. Second Dist., Div. Five. June 9, 1975.]

JESSE PARKER, Plaintiff and Appellant, v.
CHARLOTTE DINGMAN, Third Party Claimant and Respondent.

COUNSEL

Poindexter & Doutre and James P. Drummy for Plaintiff and Appellant.

Charlotte Dingman, in pro. per., for Third Party Claimant and Respondent.

**OPINION**

**LORING, J.\***—In an action entitled Walter E. Heller and Company of California, plaintiff vs. Jesse Parker (Parker), defendant and cross-complainant vs. Don Bateman (Bateman), cross-defendant, Parker was awarded a judgment on February 8, 1972, against Bateman in the sum of $8,500 with costs of $171.65. Parker procured a writ of execution on April

---

\*Assigned by the Chairman of the Judicial Council.

10, 1972, which was levied on an airplane allegedly owned by Bateman. Charlotte Dingman (Dingman) filed a third party claim alleging ownership of the airplane. On September 18, 1973, pursuant to Parker's request, the third party claim was set for hearing October 5, 1973, at 9 a.m. in Department 1 and on that date it was transferred from Department 1 to Department 64 for trial. Charles B. Johnson, attorney for Parker and Lowell J. Simons, attorney for Dingman appeared. Several witnesses were sworn and testified and several items of documentary evidence were introduced. Dingman requested a continuance and the matter was continued to November 12, 1973 at 9:30 a.m. The minutes of the court for that date read: "Pursuant to telephonic request of counsel, the matter is continued to November 14, 1973, at *1:30 PM.*" (Italics ours.) The minute order does not indicate which counsel made the request for a continuance.

The reporter's transcript for November 14, 1973, at *11 a.m.* indicates that when the matter was called for trial the following occurred:

"THE COURT: The objector is not here and not represented by counsel.

"MR. SIMONS: That is correct.

"THE COURT: He has had notice of trial, this continued date. He was here at the time we made the order continuing the matter to this date.

"MR. SIMONS: It was actually continued to Monday, and your office called and advised me, and your clerk also advised him of the continuance to this date.

"THE COURT: Did you talk to Mr. Johnson?

"THE CLERK: Yes, I did.

"THE COURT: So he was advised of this date, the date to which the matter was continued?

"THE CLERK: Yes."[1]

---

[1]The formal written order recites that the November 14, 1973 hearing commenced at 1:30 p.m. The reporter's transcript however recites that the proceeding commenced at 11 a.m. The reporter's transcript for that date consists of only five pages. There is no indication that the hearing did not conclude before noon.

The minutes of the court for November 14, 1973, indicate that the hearing resumed on that date, that Dingman testified further, and that additional documentary evidence was introduced. The minutes disclose a check mark after the name of Simons (counsel for Dingman) (indicating that he was present) but no check mark after the name of Johnson (counsel for Parker) (indicating that he was not present). Judgment was pronounced on November 19, 1973. Parker made a motion under Code of Civil Procedure section 473 to vacate and set aside the judgment on the ground of inadvertance, surprise or excusable neglect. In a supporting affidavit counsel for Parker declared that the further trial had been continued to November 12, 1973, at 9 a.m. by mutual agreement, that on November 9, 1973, he received a call from the clerk that the court would not reach the matter until the afternoon, that counsel had to make arrangements with a judge in another case to be excused in the afternoon, that when he called back to the clerk, the clerk advised him that November 23, 1973, was "open," that he called opposing counsel and "confirmed this date," that his answering service received a call from the clerk on November 13, 1973, but he did not return to his office until after 5:30 p.m. on that date and was unable to return the call before the clerk had left court for the day. The clerk apparently had left a message. The affidavit stated: "All my exchange told me was that the 23rd was not [*sic* the] date and I would have to select another date." In his affidavit counsel stated he was never advised by "letter, telegram or phone call" of any date other than November 23, 1973. The affidavit alleged in some detail that the affidavit in support of the third party claim was null and void which included references to documents in which Dingman filed a disclaimer of any interest in the aircraft. Parker also filed an affidavit in support of the 473 motion, stating that she was in court on November 12, 1973, in Department 64 at 9 a.m. and the court clerk "indicated to me" that the case had been continued for hearing until November 23, 1973 at 9:30 a.m. Simons' secretary filed an affidavit in opposition to the 473 motion, stating that she received a telephone call from Johnson (Parker's counsel) in the morning of November 12, 1973, requesting a continuance of the hearing scheduled for the afternoon of November 12, 1973, and requesting that it be continued to November 23, 1973. She advised Johnson that she could not confirm the continuance, that she would check with her employer (Simons) and call him back. She did check with Simons, but when it developed that November 23 was the Friday following Thanksgiving, Simons refused to consent to such continuance. The secretary called Johnson in court and left word at a department of the superior court (Pasadena E), but Johnson had already left that department. The secretary then reported the result to the clerk in

Department 64. This affidavit does not claim that Johnson (counsel for Parker) was ever advised in any form that the matter had been scheduled for November 14, 1973. Simons (counsel for Dingman) filed an affidavit in opposition to the 473 motion relating a series of efforts between counsel to continue the matter for hearing after the clerk in Department 64 advised counsel that the hearing scheduled for the morning of November 12, 1973, would have to be continued to the afternoon of that date. That affidavit also stated:

"That I have not communicated directly with Mr. Johnson at any time or in any manner whatsoever since the evening of November 12, 1973;

"That I was informed on the afternoon of November 12, 1973, by a party identifying herself as a clerk of Department 64 that the matter had been set for hearing on November 14, 1973, at 1:30 p.m.; and that said party identifying herself as a clerk of Department 64 of the Superior Court stated that Mr. Johnson's office had been contacted and that his office had been notified of the November 14 date.

"That I have received no communication whatsoever by mail or otherwise from Charles B. Johnson until on or about November 18, 1973, when I received a copy of his motion under CCP 473 in the mails."

This affidavit does not claim that the affiant (Simons) or his office ever gave any form of notice to Johnson (counsel for Parker) that the hearing was continued from November 12, 1973 to November 14, 1973, at 11 a.m. except that the clerk in Department 64 told him that Parker's counsel's "*office* had been notified of the November 14 date."

The motion under Code of Civil Procedure section 473 to vacate and set aside the judgment on the third party claim was denied. Parker appeals from the entire judgment in favor of the third party claimant and from the denial of the motion under Code of Civil Procedure section 473.

CONTENTIONS[2]

Appellant contends:

I. Parker did not receive five days notice of trial and therefore court should not have entered judgment against Parker.

---

[2] No brief is filed by respondent Dingman. She did appear in propria persona and orally argued on the appeal.

II. Entry of judgment without proper notice of trial violates due process.

III. Court erred in denying motion to quash third party claim.

IV. Third party claim was not properly before the court.

V. Judgment for Dingman is not supported by substantial evidence.

VI. Court abused its discretion in denying motion under Code of Civil Procedure section 473.

### DISCUSSION

Technically speaking the case at bar does not involve notice of trial which began on October 5, 1973. Although the record does not disclose that notice of that trial was given in the manner prescribed by Code of Civil Procedure section 594, subdivision 1 we are not concerned with that problem here since counsel for both parties appeared on October 5, 1973, and participated in that hearing. (*Sheldon* v. *Landwehr,* 159 Cal. 778, 782 [116 P. 44]; *Handy* v. *Handy,* 31 Cal.App. 590 [161 P. 21]; *City etc. of San Francisco* v. *Carraro,* 220 Cal.App.2d 509, 521 [33 Cal.Rptr. 696].) Actual notice, however acquired, is sufficient. (*Kalmus* v. *Kalmus,* 103 Cal.App.2d 405, 418 [230 P.2d 57].)

What we are here concerned with is notice, or more accurately, information regarding continuance for further or additional trial. We have not been cited to any statutory provisions regarding the formalities required to effect a notice or supply information of a continuance for further or additional trial after a trial has actually commenced. In *City of San Diego* v. *Walton,* 80 Cal.App.2d 206, 213 [181 P.2d 424], the court quoted the following statement with approval: ". . . 'After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of subsequent continuances of the hearing.' "

■ We regard that statement as authority for the proposition that trial counsel had a duty to use reasonable diligence to ascertain the date to which a partial trial has been continued when it is necessary to continue the further trial to a date other than that to which counsel have agreed or been advised of in open court. The problem here is in attempting to apply that principle to the facts of this case. As we read the

record, Johnson did act diligently in an effort to ascertain the date to which the case had been continued to no avail. At that time it was not unreasonable for him to believe and he was justified in believing that the trial would not resume without either mutual consent or some kind of information to him. The only notice given or information supplied was by the clerk who apparently thought she had given notice by leaving a telephone message with Johnson's answering service, but if so Johnson, according to his affidavit, never received such notice. His affidavit on that point is not contradicted. We note that the affidavit of Parker that the clerk told her the case had been continued to November 23, at 9:30 a.m. is likewise not contradicted. The only indication of notice to Johnson or Parker that the matter had been scheduled for hearing on November 14, 1973, at 11 a.m. is an oral statement by the clerk in open court, not under oath, in conclusionary form, that notice had been given. Neither Johnson nor Parker were present when the clerk's statement was made. Consequently, the record does not indicate when, how, in what form or to whom the alleged information was given. Johnson's affidavit states that the only information he received from his answering service was that November 23 was not the date. We further note that the court minutes for November 12, 1973, indicate that the matter was continued to 1:30 p.m. on November 14, 1973, whereas the further trial actually resumed at 11 a.m. on that date. This discrepancy is referred to not because it directly affects our problem but it is indicative of how error can occur without anybody's fault when court and counsel operate in a "pressure cooker" in a large, metropolitan area. That factor may explain but it does not legally excuse what in legal effect was a denial of due process.

Code of Civil Procedure section 689 (which relates to hearings and proceedings on third party claims) requires that notice of the hearing shall be given but does not specify who shall give the notice. However, the section does provide "that no such notice need to be given to the party filing the petition." We conclude that that provision applies to the first or initial hearing. No notice is required to be given to the petitioner of such hearing inasmuch as since he is the petitioner he has set the wheels of justice in motion and presumably is aware of what he has himself done. But that reasoning does not apply where the court has on its own motion continued a partial trial for further hearing to some new date that the petitioner is not aware of and did not agree to and was not the motivating force in procuring. Assuming without deciding that Johnson as counsel for petitioner was required to give notice of the first or initial hearing and any subsequent hearing to which a partial trial may

be continued, the first requirement for such a notice is that Johnson be made aware of the fact that the notice is required and he must be supplied with the necessary information to include in such notice where the matter is continued on the court's own motion. Such information was never supplied to Johnson.

In our view there was an abuse of discretion in resuming the trial without proper proof that Johnson or Parker had been supplied with appropriate information regarding the resumed hearing date. The court was well aware that Parker and his counsel were strenuously resisting the third party claim and had apparently every intention of continuing to do so. The court should have assumed that counsel's failure to be present might be due to some misunderstanding and should have verified that information respecting continuance had been properly and accurately given before continuing with the trial in his absence. A telephone call to counsel's office might well have revealed the misunderstanding. In our view this error was compounded when the court denied the motion under Code of Civil Procedure section 473 and it then became painfully manifest that there had been in fact some form of misunderstanding and confusion and that neither Johnson nor Parker had been advised or given information in any form or at any time that the hearing would be resumed at 11 a.m. on November 14, 1973.

In our view the time sequence here was significant. Johnson was thinking in terms of a 10- or 11-day continuance. The trial actually resumed within 48 hours after the date originally scheduled. We do not hold that where a trial has actually commenced with both sides present and a continuance for further trial is necessary that five days notice is required, nor do we hold that written notice is required. We do hold that some form of information is required within a reasonable period prior to resumption of trial, which information in manner and content must provide some reasonable assurance that the adverse counsel will probably be informed that the further trial will be resumed at the designated time. Anything less is a denial of due process. Here there was less.

In our view Parker was denied due process and reversal is mandated. (*Gordon* v. *Gordon,* 145 Cal.App.2d 231 [302 P.2d 355]; *Bird* v. *McGuire,* 216 Cal.App.2d 702 [31 Cal.Rptr. 386].) We conclude, therefore, that it is unnecessary to discuss any of appellant's remaining contentions.

The judgment and order after judgment denying motion under Code of Civil Procedure section 473 are each reversed.

Stephens, Acting P. J., and Ashby, J., concurred.