[No. S061703. Nov. 18, 1999.]

SUSAN AU-YANG, Plaintiff and Respondent, v.
NEIL BARTON et al., Defendants and Appellants.

**COUNSEL**

Anthony P. David for Defendants and Appellants.

Franklin Melius Gordon for Plaintiff and Respondent.

**OPINION**

**KENNARD, J.**—Subdivision (a) of Code of Civil Procedure section 594 (hereafter section 594(a)) prohibits trial of an issue of fact in the absence of a party unless it is first proven that the absent party "has had 15 days' notice of such trial." When a case has been set for trial, with 15 days' notice to all parties, and the trial court thereafter advances the trial to an earlier date, does section 594(a) prohibit the court from conducting the trial on the earlier date in the absence of a party who has not received 15 days' notice of this trial date? The answer is yes.

I

In June 1991, defendant Neil Barton, doing business as Neil Barton Construction, entered into a contract with plaintiff Susan Au-Yang to replace a deck at her home in Mill Valley, California, for $28,501.31. In April 1992, plaintiff filed suit in Marin County Superior Court, alleging that defendant had negligently performed the work and seeking damages "in excess of $60,000."

Defendant asserted various affirmative defenses not relevant here, and he filed a cross-complaint for breach of contract, fraud, and negligent interference with prospective economic advantage. He alleged that he had substantially complied with the contract but that plaintiff refused to pay him and

refused to allow him to make corrections or to complete construction, and that plaintiff had entered into the contract with no intention of paying him.

The case was originally set for trial on August 12, 1993. On that day, the attorneys for both parties were present and ready for trial, but for reasons not described in the record the trial was continued, first to January 6, 1994, then to August 18, 1994, and later to February 16, 1995.

On January 27, 1995, the trial court granted a motion by defendant's attorney to withdraw from the case. Shortly before the February 16, 1995, trial date, defendant, who had moved to the State of Washington, filed a petition for bankruptcy in the United States Bankruptcy Court for the Western District of Washington, the effect of which was to stay the action in Marin County Superior Court. (See 11 U.S.C. § 362(a)(1).) On February 16, the trial court reset the case for trial on October 12, 1995. Defendant was notified of the new trial date.

On May 12, 1995, the federal bankruptcy court granted defendant's motion to dismiss his petition for bankruptcy. On June 14, 1995, plaintiff filed a motion in Marin County Superior Court for an order advancing the case for trial, and plaintiff served defendant with a copy of the motion, which stated that a hearing on the motion was scheduled for July 14, 1995, but it said nothing about a proposed new date for the *trial*.

Defendant did not appear at the July 14, 1995, hearing on plaintiff's motion to advance the trial date. At that hearing, the trial court vacated the October 12, 1995, trial date and scheduled a status conference on July 20, 1995. Defendant was not notified of, and did not appear at, this conference. On July 20, 1995, the court scheduled a further status conference for July 27, 1995. Again, defendant received no notice of the conference and he did not appear. On July 27, 1995, the court set the case for trial on August 10, 1995, 14 days later.

Trial was held on August 10, 1995; defendant was not present. After hearing plaintiff's evidence on the merits, the trial court entered a judgment for plaintiff in the amount of $102,286, plus costs and attorney fees totaling $43,009.87.

On September 29, 1995, defendant, who was still living in the State of Washington, moved to set aside the judgment under Code of Civil Procedure section 473, which authorizes the trial court to grant a party relief from a judgment obtained as a result of the party's "mistake, inadvertence, surprise, or excusable neglect." Defendant's supporting declaration stated that the

October 12, 1995, trial date was the last trial date of which he had notice; that he received notice of plaintiff's motion to advance the trial to an unspecified date but did not appear at the hearing on that motion; and that he "received no notice that plaintiff's motion had been granted or that an earlier trial date had been set until about August 22, 1995," when he "received notice from the Superior Court of Washington for Thurston County informing [defendant] that a foreign judgment had been entered in this case."

The trial court denied defendant's motion to set aside the judgment. The court explained: "Defendant NEIL BARTON admits receiving the Notice of Motion to Advance the Trial Date. He presented no opposition to that Motion. He offered no excuse for his failure to make an inquiry of the outcome of said motion. There is insufficient showing of mistake, inadvertence, surprise, or excusable neglect. He failed to exercise reasonable diligence. [Citations.]"

The Court of Appeal affirmed the judgment. We granted review to decide whether, under section 594(a), defendant was entitled to 15 days' notice of the new trial date.

## II

■ No matter how thoroughly the parties prepare for trial *before* a trial date is set, there are certain preparations that can occur only *after* a trial date is set, such as subpoenaing and scheduling the availability of witnesses, scheduling the availability of counsel, and making any necessary arrangements for the transportation of witnesses, parties, counsel, and exhibits. If a trial date, once set, is thereafter advanced to an earlier date, many of these preparations will have been for naught. Some may have to be done over; others may become impossible in light of the changed schedule. The Legislature, recognizing these facts, has in section 594(a) made a policy determination that 15 days is the minimum period parties should be allowed for these preparations and that the court lacks the authority to proceed with trial in the absence of a party who has not received this minimum period for preparation. (See *Horstmyer* v. *Trial Bd. of Sacramento* (1937) 21 Cal.App.2d 533, 538 [69 P.2d 1021] ["The purpose of requiring notice of the time and place for trial is to enable the parties to prepare for trial and to prevent the rendering of judgment by default without the opportunity of being present."]; 59 Cal.Jur.3d, Trial, § 12, p. 470.)

■ As noted at the outset, section 594(a) provides that when a party fails to appear for a trial involving contested issues of fact, trial may be held in that party's absence only if "proof shall first be made to the satisfaction of

the court that the [absent] party has had 15 days' notice of such trial . . . ."[1]
We have explained the purpose of this provision as follows: "A proceeding taken against [a party] in his absence is in the nature of a default. The purpose of [section 594(a)] is to prevent the possibility of such default being taken against one who has, by reason of insufficient notice or no notice of the time of trial, been unable to appear." (*Sheldon* v. *Landwehr* (1911) 159 Cal. 778, 782 [116 P. 44]; see also *Estate of Dean* (1906) 149 Cal. 487, 492 [87 P. 13].)

Proceeding to judgment in the absence of a party is an extraordinary and disfavored practice in Anglo-American jurisprudence: "[T]he policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary." (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700]; accord, *Berri* v. *Rogero* (1914) 168 Cal. 736, 740 [145 P. 95].) Reflecting this principle, section 594(a) expressly puts the burden on the party seeking to proceed with trial in the absence of the opposing party to prove that the absent party received the statutory 15-day notice. The Legislature has not required the absent party to show that it did *not* receive the statutorily required notice.

Compliance with section 594(a)'s notice requirement is "mandatory." (*Bird* v. *McGuire* (1963) 216 Cal.App.2d 702, 713 [31 Cal.Rptr. 386].) Although the parties may by mutual consent proceed to trial on less than 15 days' notice, the trial court may not shorten the time for notice and thereafter proceed in a party's absence. (7 Witkin, Cal. Procedure (4th ed. 1997) Trial, §§ 86-87, pp. 105-107.)

■ Section 594(a) makes no exception for advancements of trial. Its language prohibits in all cases a trial in the absence of a party, unless the

---

[1]At the time of the trial in this case, section 594(a) provided: "In superior, municipal, and justice courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial or five days' notice of such trial in an unlawful detainer action as specified in subdivision (b). If the adverse party has served notice of trial upon the party seeking the dismissal, verdict, or judgment at least five days prior to the trial, the adverse party shall be deemed to have had such notice." (Stats. 1977, ch. 1257, § 19.5, p. 4762.) In 1998, the Legislature made minor changes to this provision that are not pertinent here. (Stats. 1998, ch. 931, § 81.)

We note that the provision of the last sentence is not at issue here because defendant never served notice of the advanced trial date. Our discussion of section 594(a) refers only to its 15-day-notice provision.

party seeking to proceed first proves that at least 15 days before the trial the absent party was given notice that trial was to occur.

In this case, plaintiff does not contend that she complied with section 594(a) by giving defendant 15 days' notice of the August 10, 1995, trial date and by proving this fact to the trial court before trial proceeded.[2] Indeed, it would have been impossible for her to do so, given that the new trial date was less than 15 days after the hearing at which the court advanced the trial. Because plaintiff failed to comply with section 594(a), the trial court exceeded its authority when it conducted the trial in defendant's absence. Although the judgment of the trial court states that it acted after "[p]roof having first been made to the satisfaction of the court that defendant has had notice of the time and place fixed for trial of this action . . . ," this statement is without significance, for there was and could have been no proof that defendant received the notice required by section 594(a).

Notwithstanding the trial court's lack of authority to proceed, the Court of Appeal held that the trial court did not err. In doing so, it created a novel exception to section 594(a), holding that plaintiff did not have to notify defendant of the advanced trial date because defendant had previously been notified of a different and later trial date. In support, the court cited *People ex rel. San Francisco Bay Conservation etc. Com.* v. *Smith* (1994) 26 Cal.App.4th 113 [31 Cal.Rptr.2d 488] (*Smith*) and *City etc. of San Francisco* v. *Carraro* (1963) 220 Cal.App.2d 509 [33 Cal.Rptr. 696] (*Carraro*). *Smith* and *Carraro* were both cases of continuances, not advancements, in which the absent party had more than 15 days' notice of the original trial date.[3] The Court of Appeal described those two cases as holding that "even though a party did not receive notice of a continued trial date within the statutory period, compliance with Code of Civil Procedure section 594 may nevertheless be found when the party had actual notice of the original trial date and thereafter failed to keep himself informed of the later continuances."

In relying on *Smith, supra*, 26 Cal.App.4th 113, and *Carraro, supra*, 220 Cal.App.2d 509, the Court of Appeal in this case ignored the significant distinction between continuing or "trailing" a trial and advancing a trial to an

---

[2]The record contains a proof of service reciting that on July 29, 1995, plaintiff mailed defendant a copy of the trial court's order setting the case for trial on August 10, 1995, 12 days thereafter. In his motion to set aside the judgment, defendant denied receiving this order.

[3]It appears that *Smith, supra*, 26 Cal.App.4th 113, is the only published appellate decision approving a continuance in which the absent party, although it had 15 days' notice of the original trial date, had no actual knowledge of the continued trial date. As the question of continuances is not before us, we do not decide whether a continuance after a properly noticed trial date satisfies section 594(a) if the absent party lacks actual knowledge of the continued date.

earlier date. When a trial date is initially set more than 15 days in the future and then is further continued, a party has had notice of the trial more than 15 days before it actually begins. The same is not true when a trial date is advanced without any notice to a party or, as here, is advanced to a date less than 15 days in the future. When a trial is advanced under either of those circumstances, the party does not have notice of the trial 15 days before it begins.

Moreover, whatever considerations of fairness and policy may support permitting a trial to go forward in the absence of the opposing party when a properly noticed trial date is continued, they do not apply when a trial date is instead advanced without giving the absent party the statutory 15-day notice. When a trial, previously set for one date, is continued to a later date, the absent party's opportunities to plan and prepare for trial and to be present at trial are unlikely to be harmed, for it will have completed its preparations by the previously scheduled date. This is true even if the party is unaware of the continuance, for in that case it will have completed its preparations by the original trial date and simply by appearing at that time it will learn of the new time for trial. But if, as in this case, a trial date is *advanced,* failure to give 15 days' notice of the new trial date is likely to result in prejudice. A party that receives less than 15 days' notice of the advanced date may be unable to complete its preparations in time for trial, and a party that receives *no* notice of the new trial date may discover that the court has already conducted a trial and entered judgment against it. Here, defendant's default resulted in a judgment of over $145,000 in a case alleging breach of a $28,000 contract.

The Legislature has made a policy determination that parties should have not less than 15 days' notice of the date by which they need to complete their preparations. Thus, regardless of whether (as plaintiff contends) defendant received notice less than 15 days before the advanced trial date or whether (as defendant asserts) defendant received no notice whatever until the trial was over, there is no basis in this case to apply the reasoning of *Smith, supra,* 26 Cal.App.4th 113, and *Carraro, supra,* 220 Cal.App.2d 509, each of which involved a trial that was *continued* rather than, as here, *advanced.*

The dissent asserts that section 594(a) applies only to the *first* time a case is set for trial. The statutory language does not support this assertion. Had the Legislature wished to limit the applicability of section 594(a) to the first trial date, it could easily have done so. It did not.

To support its claim that section 594(a) applies only to the initial trial date, the dissent cites four cases: *Capital National Bank* v. *Smith* (1944) 62

Cal.App.2d 328 [144 P.2d 665]; *In re Estate of Bell* (1943) 58 Cal.App.2d 333 [136 P.2d 804]; *Carraro, supra,* 220 Cal.App.2d 509; and *Smith, supra,* 26 Cal.App.4th 113. The first two cases, however, do not contain a single citation to section 594(a). It is thus difficult to see their relevance here. With respect to the third case, the language on which the dissent relies is dictum, because the defendant there received timely notice of the continued trial date. The fourth case, *Smith,* does not expressly state that section 594(a) applies only to the initial trial date. Rather, it says that section 594(a) does not apply to "a *continued* trial date" (*Smith, supra,* 26 Cal.App.4th at p. 126, original italics), relying on a case (*Parker* v. *Dingman* (1975) 48 Cal.App.3d 1011, 1016 [122 Cal.Rptr. 309]) which held section 594(a) inapplicable to a continuance *after a trial has already begun.* By contrast, here the trial date was not continued to a later date but advanced to an earlier date.

The dissent points out that section 594 is immediately followed by six sections addressing trial date postponement, none of which discusses the notice requirements of section 594(a). (Dis. opn., *post,* at p. 971.) Whatever light these sections may shed on the question of whether notice of an initial trial date is adequate compliance with section 594(a) when that trial date is *postponed,* they have no bearing on the issue here: whether section 594(a) requires that notice be given when a trial date is *advanced.*

Our decision will give all parties added incentives to ensure that no trial is advanced without at least 15 days' notice under section 594(a), and it makes clear that if a party does not appear for trial and has not received the statutory notice the court lacks authority to proceed. Nor will a party that did not receive the statutory notice but somehow learns of the improperly set trial date have any incentive not to call the matter to the attention of the trial court and instead raise it on appeal. At most, all the absent party could gain on appeal is the right to have a trial with 15 days' notice, something it could in all likelihood have obtained simply by calling the matter to the trial court's attention. By contrast, the rule advocated by the dissent would encourage gamesmanship: a party who successfully moves for an advancement of the trial date would have every incentive to keep its opponent ignorant of the new trial date and thereby obtain an uncontested judgment when the opponent fails to appear.

### CONCLUSION

For the reasons set forth above, we conclude that a party who obtains an order *advancing* a date previously set for trial must comply with section 594(a) by giving the opposing party 15 days' notice of the new trial date. Because plaintiff failed to do so here, the trial court erred in holding the trial

in defendant's absence. We therefore reverse the judgment of the Court of Appeal and direct that court to remand the action to the trial court so that the trial court may vacate its judgment and conduct further proceedings in accordance with our decision.

George, C. J., Mosk, J., Werdegar, J., and Chin, J., concurred.

**BROWN, J.,** Dissenting.—I would hold the 15-day notice requirement of Code of Civil Procedure section 594 (section 594)[1] applies only to the original trial date. Thereafter, a party must exercise reasonable diligence to keep himself informed of any changes to this date. (*People* ex rel. *San Francisco Bay Conservation etc. Com.* v. *Smith* (1994) 26 Cal.App.4th 113, 126 [31 Cal.Rptr.2d 488] ["April 14 was a *continued* trial date to which [section 594] did not apply . . . ." (Original italics.)]; *City etc. of San Francisco* v. *Carraro* (1963) 220 Cal.App.2d 509, 518 [33 Cal.Rptr. 696] [After "notice has been given in the first instance, it is the duty of all parties to keep themselves informed by diligent inquiry of all subsequent continuances . . . ."]; *Capital National Bank* v. *Smith* (1944) 62 Cal.App.2d 328, 338 [144 P.2d 665] [after due notice of the original trial date it becomes the attorney's duty "to exercise diligence to inform himself of subsequent continuances of the trial"]; see *In re Estate of Bell* (1943) 58 Cal.App.2d 333, 336 [136 P.2d 804].) I therefore respectfully dissent.

Here, defendant does not claim he failed to receive proper notice of the original August 12, 1993, trial date. Indeed, both parties were present and ready for trial. Nor does defendant dispute he received notice of and filed no opposition to plaintiff's June 14, 1995, motion for an order advancing the

---

[1] Section 594 provides: "(a) In superior and municipal courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with the case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . as specified in subdivision (b). If the adverse party has served notice of trial upon the party seeking the dismissal, verdict, or judgment at least five days prior to the trial, the adverse party shall be deemed to have had notice.

"(b) The notice to the adverse party required by subdivision (a) shall be served by mail on all the parties by the clerk of the court not less than 20 days prior to the date set for trial. . . . If notice is not served by the clerk as required by this subdivision, it may be served by mail by any party on the adverse party not less than 15 days prior to the date set for trial . . . . The time provisions of Section 1013 shall not serve to extend the notice of trial requirements under this subdivision for unlawful detainer actions. If notice is served by the clerk, proof thereof may be made by introduction into evidence of the clerk's certificate pursuant to subdivision (3) of Section 1013a or other competent evidence. If notice is served by a party, proof may be made by introduction into evidence of an affidavit or certificate pursuant to subdivision (1) or (2) of Section 1013a or other competent evidence. The provisions of this subdivision are exclusive."

case for trial. However, he chose not to appear at the July 14, 1995, hearing on this motion, or ascertain what ruling had been made. Had he done so, he would have learned of the subsequent status conferences and ultimately the new trial date. Indeed, the record reveals defendant was *given* 12 days' notice of the new trial date. (Maj. opn., *ante*, at p. 964, fn. 2.)

The majority concludes that nevertheless defendant is entitled to a new trial because section 594 applies to each and every trial date set. (Maj. opn., *ante*, at pp. 963-964.) In apparent recognition of the enormous practical difficulties of such an interpretation (the existence of which should persuade it to question the efficacy of its interpretation), the majority then immediately attempts to distinguish continuances from advancements. (Maj. opn., *ante*, at pp. 964-965.) Of course, the question of continuances is not before us. More importantly, as defendant himself argues, if section 594 requires 15 days' notice for every trial date set, nothing in the language of the statute supports an exception for continuances.

The majority reasons, however, that if a "trial date is initially set more than 15 days in the future and then is further continued, a party has had notice of the trial more than 15 days before it actually begins." (Maj. opn., *ante*, at p. 965.) That is true whenever there is 15 days' notice of the *original* trial date as well. Whenever the trial occurs after this time, the defendant has received at least 15 days' notice. In this case, defendant had more than two years' notice.

The majority further states that when a trial is continued, "the absent party's opportunities to plan and prepare for trial and to be present at trial are unlikely to be harmed, for it will have completed its preparations by the previously scheduled date." (Maj. opn., *ante*, at p. 965.) Of course, that is again true whenever the original trial date has passed. As noted, both parties were ready to proceed with this case in August 1993.

More importantly, section 594—which has been on the books for more than 100 years—is not concerned with preparation, but with *sufficient notice to appear*. (*Sheldon* v. *Landwehr* (1911) 159 Cal. 778, 782 [116 P. 44].) For this reason, if a party has notice by other means, or actually appears at trial, section 594 does not apply. (159 Cal. at p. 782 [section 594 has no application when "both parties are represented when the case is called for trial"]; *Elliano* v. *Assurance Co. of America* (1975) 45 Cal.App.3d 170, 175 [119 Cal.Rptr. 653] [section 594 simply inapplicable when party appears for trial even if party states it does not intend to waive notice by appearing]; 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 87, pp. 106-107; see *Parker* v. *Dingman* (1975) 48 Cal.App.3d 1011, 1016 [122 Cal.Rptr. 309] ["Actual

notice, however acquired, is sufficient."].) If a party needs greater time for preparation, the proper procedure is to move for a continuance, not object under section 594. (*Sheldon* v. *Landwehr, supra,* 159 Cal. at p. 782.) The case the majority relies on for the proposition that section 594 concerns *preparation* does not even cite section 594 and involves not a superior court civil trial but the Sacramento City Council acting as a trial board to adjudicate a police officer's alleged misconduct; indeed, the officer appeared at and participated in the "trial." (*Horstmyer* v. *Trial Bd. of Sacramento* (1937) 21 Cal.App.2d 533, 536-538 [69 P.2d 1021]; maj. opn., *ante,* at p. 962.) Its relevance is questionable.[2]

The majority further supports its distinction by stating that if a trial is continued, "simply by appearing" at the time previously scheduled for trial a party "will learn of the new time for trial." (Maj. opn., *ante,* at p. 965.) Of course, here, if defendant had attended the scheduled motion hearing and status conferences, he would have likewise learned of the August 10 trial date. Moreover, under the majority's logic, if a party fails to appear at a trial date that has since been continued, and hence does not learn the trial has been continued, an adverse party is then obligated to give that party 15 days' notice of the new date. Such an arbitrary notice requirement cannot comport with the Legislature's intent.

The majority asserts that a party who does not receive statutory notice but somehow learns of an improperly set trial date will not have "any incentive not to call the matter to the attention of the trial court and instead raise it on appeal" because at most the party will simply receive a trial with 15 days' notice. (Maj. opn., *ante,* at p. 966.) Of course, as already demonstrated, if the party appears at trial to make such an objection, or otherwise learns of the trial date, any section 594 notice required is waived. Moreover, as a result of the majority's conclusion, a party with greater financial resources than its opponent might well fail to raise the issue of defective notice in the trial court. If the party fails to appear at trial, the opponent must prove its case at the uncontested trial, go through an appeal, and then bear the cost of a second trial.

The majority asserts that "the rule advocated by the dissent would encourage gamesmanship: a party who successfully moves for an advancement of

---

[2]Ironically, the majority questions the relevance of *Capital National Bank* v. *Smith, supra,* 62 Cal.App.2d 328, and *In re Estate of Bell, supra,* 58 Cal.App.2d 333 (see *ante,* at p. 967) because they do not cite section 594. (Maj. opn., *ante,* at pp. 965-966.) In *Capital National Bank, supra,* the defendant apparently contended she lacked adequate notice of trial and "the court erred in setting the case for trial" and "in continuing it to [a] later date." (62 Cal.App.2d at pp. 338-339.) *In re Estate of Bell, supra,* which is cited as indirect authority, concerns a similar claim of lack of notice in probate court. (58 Cal.App.2d at pp. 336-337.) These cases seem far more relevant on the issue here than *Horstmyer,* which involved a city council proceeding.

the trial date would have every incentive to keep its opponent ignorant of the new trial date and thereby obtain an uncontested judgment when the opponent fails to appear." (Maj. opn., *ante*, at p. 966.) Generally, however, a party must tell the opposing party when a motion will be argued, including a motion to advance the trial date. (Code Civ. Proc., §§ 1005, 1010; Cal. Rules of Court, rule 375(b) [motion to advance trial date shall not be granted unless notice given].) Thus, a party cannot move to advance the trial date ex parte and not tell anyone. The majority's assertion is even more astonishing in this case where defendant does not dispute he *received* notice of the motion to advance, and failed to appear at the hearing on the motion, or ascertain what order was entered.

Indeed, were a party to somehow obtain an ex parte order advancing trial despite California Rules of Court, rule 375(b), and then proceed with that trial in its opponent's understandable absence, no appellate court could reasonably conclude the opponent had failed to exercise due diligence. Simple due process requires the trial date be ascertainable. Thus, in *Parker* v. *Dingman, supra,* 48 Cal.App.3d 1011, the trial had started, but was then continued for approximately 11 days. (*Id.* at pp. 1016-1018.) The trial in fact resumed 48 hours later in Parker's absence. While the clerk stated prior to resumption of trial that Parker had notice, "the record [did] not indicate when, how, in what form or to whom the alleged information was given," and Parker's attorney denied receiving any such notice. (*Id.* at p. 1017.) The Court of Appeal noted Parker's attorney had acted "diligently in an effort to ascertain the date to which the case had been continued to no avail." (*Ibid.*) It held that while section 594 was not applicable at this procedural point, Parker had a due process right to sufficient information "within a reasonable period prior to resumption of trial." (48 Cal.App.3d at pp. 1016, 1018.)

Section 594 can only be interpreted in two ways. Either it requires 15 days' notice for only the original trial date, or it requires such notice for every trial date, whether that trial is continued or advanced. I believe the former interpretation is the only reasonable and practical one. Indeed, the statute has been so construed, not only in the case law (*People* ex rel. *San Francisco Bay Conservation etc. Com.* v. *Smith, supra,* 26 Cal.App.4th at p. 126; *City etc. of San Francisco* v. *Carraro, supra,* 220 Cal.App.2d at p. 518; *Capital National Bank* v. *Smith, supra,* 62 Cal.App.2d at p. 338), but in the day-to-day workings of the state trial courts, which could not efficiently operate without the flexibility of trailing and advancing matters with far less than 15 days' notice. (*People* ex rel. *San Francisco Bay Conservation etc. Com.* v. *Smith, supra,* 26 Cal.App.4th at p. 129 [15 days' notice for every continuance would "cripple court efficiency"].)

This interpretation is further supported by the fact that section 594 requires the clerk of the court to give 20 days' notice of the trial date. (§ 594,

subd. (b).) It cannot be the case that the clerk is required to send such notice every time a trial is continued or advanced. Indeed, the legislative history of Senate Bill No. 847 (1975-1976 Reg. Sess.), which in 1975 added the clerk's notice obligation to section 594, reveals that the bill's opponent was concerned about the fiscal constraints such a mailing obligation would impose on the counties. (Letter from Sen. Holmdahl to Governor Jerry Brown (Sept. 10, 1975) p. 2.) The bill's sponsor was of the view that "enactment of this bill would not unduly [burden] any public agency." (*Ibid.*) It seems unlikely such a concern will now be so easily dismissed.

Such an interpretation is also supported by the statutory framework. Section 594 is immediately followed by six sections addressing trial date postponement. (Code Civ. Proc. §§ 594a, 595, 595.2, 595.3, 595.4, 596.) Not one of these sections states that when the trial is postponed, 15 days' notice is again required under section 594. Indeed, section 594 is not even referenced.

Finally, even if section 594 applied to the trial date at issue here, the record in this case makes it an inappropriate vehicle for reaching the issue. The judgment below states, "Proof having first been made to the satisfaction of the court that defendant has had notice of the time and place fixed for trial of this action, evidence, both oral and documentary, then having been presented . . . ." (See *Johnston* v. *Callahan* (1905) 146 Cal. 212, 214 [79 P. 870] ["judgment recites that satisfactory evidence was before the court that defendant was notified more than five days prior to the trial of the cause that the same was set for trial on the day mentioned"]; *Capital National Bank* v. *Smith, supra,* 62 Cal.App.2d at pp. 338-339 ["Where the judgment recites that due notice of the time and place of trial was given to all parties . . . we must assume that the provisions of the rule of court with respect to setting cases for trial was fully complied with."].) Nor did defendant argue when he moved to set aside the judgment in the trial court that he was entitled to 15 days' notice of trial, as opposed to any notice, or that plaintiff failed to adduce sufficient evidence of notice to satisfy section 594 before the August 10 trial began.

I appreciate the majority's obvious concern that the defendant in this case was not represented by counsel. However, we cannot have a different rule for in propria persona defendants than for those represented by counsel. (Indeed, defendant is on appeal once again represented by counsel.) Nor can we fashion a rule that will dramatically alter the meaning of a statute and change the trial setting practices in this state merely to assist one person. Defendant's burden here was infinitesimal. He only needed to make three telephone calls: one to learn what happened at the hearing on the motion to

advance the trial date; one to learn what happened at the first status conference; and one to learn what happened at the second status conference, which of course is when the August 10 trial date was set. Solely to avoid the consequences of this defendant's lack of diligence, the majority will require all future litigants, the courts, and the taxpayers to pay the price of inflexible trial scheduling and increased gamesmanship.

I would affirm the judgment of the Court of Appeal.

Baxter, J., concurred.