Filed 12/13/13  Torquato v. Daybreak Group CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOZELLE TORQUATO, | |
| Plaintiff and Respondent, | G047740 |
| v. | (Super. Ct. No. 30-2008-00102244) |
| DAYBREAK GROUP, INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Baker & Baker and William E. Baker, Jr., for Defendant and Appellant.

Arena & Schnitzer and Gregory A. Schnitzer for Plaintiff and Respondent.

\*          \*          \*

Daybreak Group, Inc. (Daybreak), did not appear at trial, and the court entered judgment against Daybreak and in favor of plaintiff Jozelle Torquato in excess of $1.3 million. Twenty-one months after the judgment was entered, Daybreak filed a motion to vacate the judgment. The trial court denied the motion.

The trial court did not err in denying the motion to vacate, and we affirm. There was no error in service on Daybreak of the pretrial notices pursuant to Code of Civil Procedure sections 286 and 594, and Daybreak failed to establish diligence in bringing the motion to vacate. Diligence is required for relief under Code of Civil Procedure section 473, subdivision (d).

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Torquato initiated this case in the San Diego County Superior Court in July 2007. Daybreak filed a motion to transfer the case to the Orange County Superior Court. The motion was granted, and the complaint was filed in the Orange County Superior Court in February 2008. At a case management conference in June 2008, at which Daybreak was represented by counsel, the court set a jury trial to begin on February 2, 2009. Daybreak answered the complaint in June 2008.

Daybreak's counsel of record, Stuart W. Knight, died on September 12, 2008. A practice administrator, appointed by the court to wind up Knight's law practice, served a notice of death of attorney, pursuant to Code of Civil Procedure section 286, on January 12, 2009. The service list stated the notice was mailed to Daybreak and Dan Rudat (Daybreak's president and at that time a separately named defendant in the case).

At a pretrial conference on January 30, 2009 (at which Daybreak and Rudat did not appear), the court vacated the trial date, and scheduled a status conference for April 2009. The notice of the status conference, which was served on Daybreak and Rudat, specifically stated that "[a] representative of or new attorney for Defendant

2

Daybreak Group, Inc., and Defendant Dan Rudat or a new attorney for him are required to appear at the status conference." (Some capitalization omitted.) Neither Daybreak nor Rudat appeared at the status conference, which was continued to May 2009. Neither appeared at the continued status conference; at that point, the court set a new trial date for February 2010. However, at the pretrial conference, the court was advised that Daybreak and Rudat had not been properly notified of the trial date. The court therefore continued the trial date to July 2010, and ordered Torquato to give notice to Daybreak and Rudat. Torquato served notice of the new trial date on Daybreak and Rudat. In July 2010, the court struck the answer of Daybreak and Rudat because they failed to appear for trial.

The matter ultimately proceeded to trial on August 30, 2010. After hearing testimony and admitting written evidence, the trial court took the matter under submission. The court entered judgment in the amount of $1,387,365.72, plus interest, in favor of Torquato and against Daybreak in October 2010.[1]

In July 2012, Daybreak filed a motion to vacate the judgment. The trial court denied the motion. Daybreak timely appealed.

DISCUSSION

I.

*STANDARD OF REVIEW*

We review an order denying a motion to vacate a judgment for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) "An abuse of discretion occurs when, in light of applicable law and considering all relevant circumstances, the court's ruling exceeds the bounds of reason. [Citations.]" (*North American Capacity Ins. Co. v. Claremont Liability Ins. Co.* (2009) 177 Cal.App.4th 272, 285.)[2]

---

[1] Insufficient evidence was presented to support a judgment against Rudat.
[2] Daybreak contends that the appropriate standard of review is de novo, citing cases in which the courts have reviewed de novo a trial court's determination that a

3

## II.

### *THE TRIAL COURT'S MINUTE ORDER*

The trial court thoroughly set forth its reasoning in its minute order denying the motion to vacate:

"Defendant's president, Daniel Rudat, concedes in his Declaration that the office address for Daybreak Group, Inc. was 2019 W. Chapman Avenue, Orange, California.[3]

"On 2/2/09, counsel for co-defendants served a Notice of Status Conference, which advised that the trial date had been vacated, and that a status

---

judgment is void. These authorities provide: "'A trial court has no statutory power under [Code of Civil Procedure] section 473, subdivision (d) to set aside a judgment that is not void: Once six months have elapsed since the entry of a judgment, "a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face." [Citation.]'" (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146; see *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.) A judgment is void on its face only when its invalidity is apparent upon inspection of the judgment roll. (*Hayashi v. Lorenz* (1954) 42 Cal.2d 848, 851.) In this case, Daybreak argues that the judgment against it is void because it was not provided proper notice under various statutes. A judgment entered without providing the defendant notice and an opportunity to be heard is not necessarily void on its face. (See Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2013) ¶¶ 18:510 to 18:511.1, pp. 18-108.3 to 18-108.4 (rev. #1, 2011).) The court's ruling on the motion to vacate in this case is properly reviewed for abuse of discretion.

[3] At oral argument, Daybreak's counsel stated that Daybreak's business address was actually 2015 East Chapman Avenue, as stated in Rudat's declaration executed on October 17, 2007, and filed in support of Daybreak's motion to transfer the case from the San Diego County Superior Court to the Orange County Superior Court. However, Rudat filed another declaration in support of the motion to vacate the judgment, which was executed on July 2, 2012, in which Rudat stated that Daybreak's business address, as of the date of Knight's death, was 2019 West Chapman Avenue. Certainly, Rudat's later declaration is ample evidentiary support for the trial court's factual findings. Furthermore, the issue of a different address on Chapman Avenue was never raised in Daybreak's motion to vacate the judgment, or in any of its appellate briefs. We will not consider an argument raised for the first time at oral argument. (*McKee v. Orange Unified School Dist.* (2003) 110 Cal.App.4th 1310, 1320.)

4

conference was set for 4/2/09. This notice was served to this Chapman Avenue address as to defendant Daybreak Group, Inc.

"On 2/6/10, plaintiff served a Notice After Hearing Dates Set, and Notice Pursuant to California Code of Civil Procedure Section 286 as to notice of trial set for 7/12/10, at the Chapman Avenue address as to defendant Daybreak Group.

"The Proposed Judgment was served after trial by certified mail to the same Chapman Avenue address. Judgment was entered on 10/4/10. The Proposed Judgment, that became the Judgment, was served on defendant Daybreak Group at the 2019 W. Chapman Avenue address on 9/8/10.[4]

"First, relief pursuant to *C.C.P.* § 473(b) is not available because defendant seeks relief more than 6 months after entry of judgment.[5]

"Second, the court had jurisdiction over defendant Daybreak Group, who answered plaintiff's Complaint, and jurisdiction over the subject matter.

"Third, the Judgment is not void within the meaning of *C.C.P.* § 473(d). The notice under *C.C.P.* § 286 was provided by both attorney Lynn Hayes 1/12/09 to the 2019 W. Chapman Avenue address, and again by plaintiff Torquato on 2/15/10 to the 2019 W. Chapman Avenue address. As to notice of trial, this was also set forth in the notice served by plaintiff on 2/15/10 to the 2019 W. Chapman Avenue address.

"Fourth, defendant Daybreak Group has not established a basis for relief pursuant to extrinsic fraud/mistake. A party seeking to set aside a default and/or default judgment on the ground of extrinsic mistake must satisfy three elements, which are:

---

[4] Daybreak contends that the signature on the certified mail return receipt is not that of Rudat or of anyone else authorized to accept service on behalf of Daybreak. The trial court's factual findings regarding Daybreak's receipt of this and many other documents, and its determinations of credibility (or lack thereof) are amply supported by the evidence in the record.

[5] Daybreak does not pursue on appeal its request for relief under Code of Civil Procedure section 473, subdivision (b), which requires that the motion to vacate be filed within six months after the judgment is entered.

(1) that the party has a meritorious defense, (2) that the party has a satisfactory excuse for not seeking to set aside the default and presenting a defense to the action, and (3) that the party diligently sought to set aside the default once the mistake is discovered. . . . *See, Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982, citing *Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1147 to 1148.

"Judgment was entered in this case on 10/4/10. Defendant Daybreak Group, Inc. cannot satisfy element (3) as required for relief based on extrinsic mistake/fraud. In addition to the notice served on 2/15/10, the Proposed Judgment was served on defendant Daybreak Group at its 2019 Chapman Avenue address on 9/8/10. Defendant Daybreak Group did not seek relief from this Judgment until 7/3/12, while its president had notice of this Judgment no later than February 2012, which is simply not diligent.

"Defendant Daybreak Group's claim that all of the foregoing pleadings and the Judgment were not received at the 2019 W. Chapman Avenue address lacks credibility."

III.

*CODE OF CIVIL PROCEDURE SECTION 286*

Daybreak contends that the judgment should have been vacated because Daybreak was not served with notice of its attorney's death under Code of Civil Procedure section 286, and the judgment is therefore void. Section 286 provides: "When an attorney dies . . . , a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person." The notice required under section 286 was served twice on Daybreak.[6]

---

[6] Daybreak denies it received the Code of Civil Procedure section 286 notices. The trial court's finding that Daybreak did receive those notices, as well as the other documents at issue, is supported by substantial evidence. Daybreak conceded that the

"[Code of Civil Procedure section 286] means no more than it plainly says, viz., that no *proceedings* may be had against him, no judgment or order or other step in the action taken, until he appoints an attorney, unless the prescribed notice be first given." (*Larkin v. Superior Court* (1916) 171 Cal. 719, 724.)  The section 286 notices were served on Daybreak two different times before the trial was conducted and the judgment was entered.  Daybreak makes a convoluted argument that a new section 286 notice was required before each new trial setting conference or trial continuance.  The setting of a trial date is not a proceeding against a party to the litigation, although a trial itself is.  While a trial conducted before notice under section 286 is given would be impermissible, we conclude the statute was not violated by setting a trial date without serving yet another section 286 notice on Daybreak, and the judgment is therefore not void.

We reject Daybreak's argument that the notice under Code of Civil Procedure section 286 was insufficient because it was (1) served by an attorney appointed to wind up Daybreak's former counsel's practice, not by an opposing party, and (2) directed to "all interested parties and their attorneys of record" (capitalization omitted), not just to Daybreak.  First, the purpose of section 286 is to provide notice to a party that it needs to retain a new attorney or, if appropriate, personally appear in court.  Service by someone other than the opposing counsel does not affect whether such notice has been provided.  Second, Daybreak's assumption that it was not an interested party because its attorney said he would take care of the case, and Daybreak never heard anything more about it, does not mean the notice was not provided as required by section 286.

Further, the provisions of Code of Civil Procedure section 286 may be waived when the affected party knows its attorney has died and is aware of the pending

address on the various service lists was its office address, and the court found the claim that Daybreak did not receive any of those documents was lacking in credibility.

7

litigation.  (*California Water Service Co. v. Edward Sidebotham & Son* (1964) 224 Cal.App.2d 715, 726.)  In his declaration in support of the motion to vacate the judgment, Rudat admitted he became aware Knight had died about a month after his death.  Rudat also admitted he was aware of the pendency of Torquato's lawsuit against Daybreak, although Rudat contended Knight told him, "he had taken care of this case and there was nothing for [Rudat] to be concerned with" and Rudat "had not heard anything from Mr. Knight on this matter for some time, so, to me, the matter was taken care of."  We conclude that even if Daybreak had not been provided written notice under section 286, it waived its rights under that statute.

IV.

*CODE OF CIVIL PROCEDURE SECTION 594*

Daybreak also argues that it did not receive notice of the trial date pursuant to Code of Civil Procedure section 594, and the judgment entered after that trial is therefore void.  Section 594 provides:  "(a) In superior courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with the case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . as specified in subdivision (b). . . . [¶] (b) The notice to the adverse party required by subdivision (a) shall be served by mail on all the parties by the clerk of the court not less than 20 days prior to the date set for trial. . . . If notice is not served by the clerk as required by this subdivision, it may be served by mail by any party on the adverse party not less than 15 days prior to the date set for trial . . . .  If notice is served by a party, proof may be made by introduction into evidence of an affidavit or certificate pursuant to subdivision (1) or (2) of Section 1013a or other competent evidence.  The provisions of this subdivision are exclusive."

8

Daybreak had actual notice of the initial trial date because its counsel of record was present at the case management conference at which that date was set. Code of Civil Procedure section 594 is directed only at the initial trial date, not at continued trial dates. (*People ex rel. San Francisco Bay Conservation etc. Com. v. Smith* (1994) 26 Cal.App.4th 113, 126-127; *Parker v. Dingman* (1975) 48 Cal.App.3d 1011, 1016; see *Au-Yang v. Barton* (1999) 21 Cal.4th 958, 964-965 [distinguishing continued or trailed trial dates, which do not require additional notice under section 594, and advanced trial dates, which do require notice].) After a party receives notice of the initial trial date, it acts at its own peril in failing to keep itself informed of changes of the trial date through diligent inquiry. (*People ex rel. San Francisco Bay Conservation etc. Com. v. Smith, supra,* at p. 127.)

Additionally, Torquato served notice of the July 2010 trial date, as required by Code of Civil Procedure section 594, subdivision (b). The trial court found Daybreak's contention that it did not receive this document, despite a proof of service for the address Daybreak acknowledges is its business address, was not credible. Nothing in the record on appeal is inconsistent with the trial court's finding. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 365 [reviewing court defers to trial court's findings on credibility].) As explained *ante*, Daybreak was not entitled to any additional notice when the trial date was continued to August 2010.

This case is distinguishable from *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, on which Daybreak relies. In *Heidary v. Yadollahi*, the appellants' attorney withdrew as counsel of record. (*Id.* at p. 860.) A notice of continuance of the trial date was served by the respondents; neither the appellants nor their former attorney was served. (*Ibid.*) When the appellants failed to appear at trial, the trial court struck their answers and entered their defaults. (*Ibid.*) Default judgment was later entered against the appellants. (*Id.* at pp. 860-861.) The Court of Appeal reversed the trial court's order denying a motion to vacate the judgment because (1) the trial court did not

9

have the power to order the entry of the appellants' defaults due to their failure to appear at trial, and (2) the damages awarded in the default judgment were in excess of what had been specified in the cross-complaint. (*Id.* at pp. 862, 865.) The court did not conclude that the judgment was void due to the lack of service of the notice of continued trial date, and *Heidary v. Yadollahi* is therefore inapposite.

The judgment was rendered in compliance with Code of Civil Procedure section 594, and is therefore not void. The trial court did not err in denying the motion to vacate on this ground.

V.

*CODE OF CIVIL PROCEDURE SECTION 473, SUBDIVISION (d)*

Finally, Daybreak argues generally for relief under Code of Civil Procedure section 473, subdivision (d), on grounds of extrinsic fraud or mistake.

Daybreak contends it has a defense to Torquato's complaint because Torquato lacked standing to pursue the lawsuit in the first place. Daybreak contends that because Torquato transferred the property, which is at issue, to a partnership, only the partnership had the right to sue. (*Everest Investors 8 v. McNeil Partners* (2003) 114 Cal.App.4th 411, 424 ["A partnership is an entity separate and apart from the partners of which it is comprised, and it is the partnership entity which owns its assets, not the partners"].) While it is true that Torquato's complaint alleges that she transferred property into a limited partnership, it is also true that the substance of Torquato's complaint is that (1) defendants fraudulently induced her to do so, (2) the creation of the partnership violated Civil Code sections 2924 and 2945, and (3) defendants should be equitably enjoined from dispossessing her of her property.

More importantly, the trial court did not abuse its discretion in determining that Daybreak did not act diligently after learning that the judgment had been entered against it. Rudat declared that he had learned about the existence of the judgment against Daybreak in February 2012. Daybreak provided no explanation for waiting five months

10

before filing its motion to vacate the judgment, and, indeed, does not even mention the issue of its delay in its appellate briefs.[7]

Daybreak focuses heavily in its appellate briefs on the proceedings in the underlying foreclosure, bankruptcy, and unlawful detainer cases, and on Torquato's counsel's conduct in this case, in claiming a right to equitable relief from the judgment entered against it. But the trial court found Daybreak was inexcusably dilatory in filing its motion for relief under Code of Civil Procedure section 473, subdivision (d). That finding is supported by substantial evidence, and we cannot say the trial court abused its discretion in denying the motion for relief.

DISPOSITION

The postjudgment order is affirmed. Respondent to recover costs.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.

---

[7] The trial court found Daybreak was served with a copy of the proposed judgment by certified mail in September 2010, and that Daybreak's claim that it did not receive the proposed judgment at its office address was not credible. The record does not show Daybreak was ever served with the signed judgment.

11