Filed 7/3/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CARLOS JUAREZ,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>WASH DEPOT HOLDINGS, INC.,<br>et al.,<br><br>   Defendants and Appellants. | 2d Civil No. B282667<br>(Super. Ct. No. 56-2016-00476787-<br>CU-OE-VTA)<br>(Ventura County) |

     A company provides its employees with a handbook setting forth its employment policies. The handbook is written in English and Spanish. The handbook requires arbitration of employment disputes and denies an employee's right to bring an action under the California Private Attorneys General Act (PAGA). The English version states that the denial of the right to bring a PAGA action is severable if such denial is found by a court to be unenforceable. The Spanish version provides that the PAGA denial is not severable.

     In many cases the disparity between the treatment of PAGA claims may have no consequences. But under the facts

here, there are consequences.  The arbitration agreement is unenforceable.

Wash Depot Holdings, Inc. and Sparkling Image Corp. (collectively Wash Depot) appeal an order of the trial court denying a petition to compel arbitration of plaintiff's wage-and-hour-violations lawsuit.  We affirm.

Arbitration has long been accepted as an efficient and cost-effective alternative to litigation.  (*Epic Systems Corp. v. Lewis* (2018) _ U.S. _, _ [138 S.Ct. 1612, 1621]; *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 235, fn. 4; *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1671 [California has a strong public policy in favor of arbitration as a speedy and relatively inexpensive method of dispute resolution].)  Thus, an employer and employee may voluntarily agree to arbitrate their employment-related disputes, but courts will not enforce arbitration agreements that are unconscionable or in violation of public policy.  (Code Civ. Proc., § 1281 ["A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract"]; *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97 ["California law, like federal law, favors enforcement of valid arbitration agreements"], overruled on other grounds by *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344-346.)

Carlos Juarez is an hourly employee at Wash Depot's hand-car wash in Ventura.  During his employment, Wash Depot adopted a policy set forth in its employee handbook requiring arbitration of legal claims arising from the employment relationship.  After Juarez filed a wage-and-hour-violations

lawsuit, individually and on behalf of others, Wash Depot sought to compel arbitration pursuant to this policy. The trial court denied Wash Depot's motion, however, concluding that the arbitration agreement is unenforceable according to *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*) and *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109 (*Securitas*). In our independent review, we also conclude that the arbitration agreement is unenforceable.

*FACTUAL AND PROCEDURAL HISTORY*

On December 2, 2016, Juarez filed a first amended complaint against Wash Depot, alleging 13 causes of action for various wage-and-hour violations, including failure to pay earned wages, minimum wages, overtime compensation, rest break compensation, and meal period compensation, among other violations. Juarez also alleged a representative action pursuant to PAGA, set forth in Labor Code section 2698 et seq. Juarez stated that Wash Depot employed him as an hourly non-exempt employee to wash, detail, and dry vehicles at its Market Street location.

Wash Depot filed a motion to compel arbitration of Juarez's claims, relying upon section EE of its employee handbook, entitled "Dispute Resolution Agreement." Paragraph EE(1) provides in part: "Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." The paragraph specifically includes the

3

employment relationship and compensation, breaks, and rest period claims, among others, within the arbitration mandate.

Paragraph EE(4)(c) states a waiver of the employee's right to bring a representative PAGA action: "There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general action." The English-language version of the handbook further provides that the PAGA waiver is severable from the arbitration agreement should a court find the waiver is unenforceable. In contrast, the Spanish-language version of the handbook provides that the PAGA waiver is *not* severable from the arbitration agreement.

Paragraph A provides, "This Handbook may be translated into languages other than English as a convenience to our employees. Any ambiguity between this Handbook and any translated version will be governed by the English version." Paragraph EE(7) also permits an employee to "opt out" of arbitration by submitting an appropriate form to the employer.

On July 13, 2013, Juarez signed two acknowledgements, one in the Spanish language and one in the English language, stating that he received the handbook and agreed to its terms. He also signed a separate acknowledgement in the Spanish language stating that he received a copy of the dispute resolution agreement.

Juarez resisted Wash Depot's motion to compel arbitration. In support of his opposition, Juarez declared that he commenced working at Wash Depot in April 2012, and in July, 2013, he executed the acknowledgement documents on the condition of "return[ing] to work." Juarez also declared that Wash Depot did not provide him with either an English-language version or a

4

Spanish-language version of the handbook.  He added that he was not informed of, nor was he aware of, the arbitration policy.

Following written and oral argument, the trial court denied the motion to compel arbitration.  In ruling, the trial judge stated that the differences in the severability of the PAGA waiver clause in the English-language version and the Spanish-language version of the handbook were "profound" concerning "a very significant subject."  The court also applied Civil Code section 1654 to construe the arbitration agreement against the drafter, Wash Depot.  (*Ibid.* ["In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist"].)  The court made no factual findings concerning Juarez's claims that he did not receive a copy of the handbook in either language.

Wash Depot appeals the trial court's order denying its petition to compel arbitration.

*DISCUSSION*

*I.*

Wash Depot first argues that the trial court abused its discretion by considering Juarez's untimely opposition (two days late) to the motion to compel arbitration.  Wash Depot points out that it objected to the late filing in writing and again at the hearing held 10 days later.  Moreover, Juarez assertedly made no showing of mistake or excusable neglect for his untimely response.

The trial court did not act unreasonably by considering Juarez's opposition.  The filing was a mere two days late and the hearing occurred 10 days later.  Wash Depot did not establish prejudice other than perhaps the inconvenience of working on the

5

weekend. In view of the strong policy of the law favoring the disposition of cases on the merits, the court did not abuse its discretion. (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963.) "Proceeding to judgment in the absence of a party is an extraordinary and disfavored practice in Anglo-American jurisprudence: '[T]he policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.'" (*Ibid.*)

## II.

Wash Depot contends that the trial court erred in its conclusion that the arbitration agreement is unenforceable, asserting that the English-language version of the handbook states that it controls in event of an ambiguity with the Spanish-language version. Wash Depot adds that Juarez acknowledged in writing that he received each of the language versions of the handbook.

Wash Depot also points out that courts must interpret arbitration agreements in a manner to preserve the right to arbitrate, including severing invalid clauses when necessary. (Civ. Code, §§ 1599, 1643 [if possible without violating parties' unambiguous intent, a contract is interpreted as to make it "lawful, operative, definite, reasonable, and capable of being carried into effect"]; *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 682 [arbitration provision must be interpreted in a manner that renders it enforceable rather than void].)

Our review of an order denying a motion to compel arbitration considers the arbitration agreement to determine

6

whether it is legally enforceable pursuant to general principles of California contract law.  (*Baxter v. Genworth North America Corp.* (2017) 16 Cal.App.5th 713, 722; *Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 82.)  To the extent the trial court's decision involves factual resolution, we review the court's factual findings for substantial evidence.  (*Ibid.*)  In assessing whether the court erred by declining to sever unconscionable provisions and to enforce the remainder of the arbitration agreement, we apply an abuse-of-discretion standard.  (*Carmona*, at p. 83.)

The trial court properly concluded that the PAGA waiver set forth in the handbook is unenforceable as against public policy.  Our Supreme Court in *Iskanian, supra*, 59 Cal.4th 348, 384, held that an employee's right to bring a PAGA action may not be waived:  "We conclude that where, as here, an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law."  This is so because a waiver indirectly exempts the employer from responsibility for his own violation of law.  (*Id.* at p. 383.)

Moreover, the trial court did not abuse its discretion by declining to sever the PAGA waiver and enforce the remaining arbitration agreement.  (*Securitas, supra*, 234 Cal.App.4th 1109, 1126.)  "We decline to conclude that [the employee's] mere opportunity to opt out of the dispute resolution agreement or obtain counsel's advice on it at the inception of [his] employment and before any dispute arose, without more evidence of [his] knowledge, gave [him] a sufficient understanding of the relevant circumstances and likely consequences of forgoing [his] right to bring a PAGA representative action."  (*Id.* at p. 1122.)

At best, the difference in the severability clauses in the English-language and Spanish-language versions of the handbook is negligent; at worse, it is deceptive.  Under the circumstances, we construe the ambiguous language against the interest of the party that drafted it.  (Civ. Code, § 1654; *Securitas*, *supra*, 234 Cal.App.4th 1109, 1126.)  "[W]here . . . the written agreement has been prepared entirely by the employer, it is a 'well established rule of construction' that any ambiguities must be construed against the drafting employer and in favor of the nondrafting employee."  (*Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 248.)  This rule applies with particular force in the case of a contract of adhesion.  (*Ibid.* [the party of superior bargaining power prescribes the words of the agreement but the subscribing party lacks the economic power to challenge the language].)  Indeed, Wash Depot may have left the meaning of severability "deliberately obscure, intending to decide at a later date what meaning to assert."  (*Id.* at p. 247.)

In view of our discussion, it is unnecessary to discuss the parties' remaining contentions.

The order is affirmed.  Respondent shall recover costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

8

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Littler Mendelson, P.C., Kevin V. Koligian, Andrew H. Woo for Defendants and Appellants.

Shin Ryu Bazerkanian, LLP, Jack Bazerkanian; LTL Attorneys LLP, James M. Lee, Caleb H. Liang for Plaintiff and Respondent.