Filed 1/29/21  Santana v. Postmates CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

WENDY SANTANA,

    Plaintiff and Respondent,

v.

POSTMATES, INC.,

    Defendant and Appellant.

B296413

(Los Angeles County
Super. Ct. No. BC720151)

APPEAL from an order of the Superior Court of Los Angeles County.  Rafael A. Ongkeko, Judge.  Affirmed.

Gibson, Dunn & Crutcher, Theane Evangelis, Michele L. Maryott, Bradley J. Hamburger and Dhananjay S. Manthripragada for Defendant and Appellant.

Parris Law Firm, R. Rex Parris, Kitty K. Szeto, John M. Bickford, Michelle J. Lopez and Alexander R. Wheeler for Plaintiff and Respondent.

_____

Postmates, Inc. (Postmates) appeals from an order denying its petition for arbitration in a representative action brought by respondent Wendy Santana under the Labor Code Private Attorneys General Act of 2004 (PAGA), Labor Code section 2698 et seq.[1]  In denying the petition, the trial court followed our Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), which, among other things, held that:  (1) an employee's right to bring a representative action under the PAGA is unwaivable under California law, and (2) this state law rule is not preempted by the Federal Arbitration Act (FAA), title 9 United States Code section 1 et seq.

Postmates argues that our Supreme Court's holding in *Iskanian* was subsequently abrogated by the United States Supreme Court's decision in *Epic Sys. Corp. v. Lewis* (2018) __ U.S. __ [138 S.Ct. 1612] (*Epic Systems*).  Along with every published Court of Appeal decision that has decided this issue, we reject the argument.  *Epic Systems* did not consider the same issue concerning the nonwaivable nature of PAGA claims that *Iskanian* decided.  We must therefore follow our Supreme Court's holding.

---

[1] Subsequent undesignated statutory references are to the Labor Code.

## BACKGROUND

### 1.     The Arbitration Agreement

Santana began working as a courier for Postmates in September 2017.[2]  As a courier, she delivered products from local merchants to customers who placed orders through Postmates's on-line platform.

As a condition of working for Postmates, Santana executed a "Fleet Agreement" governing her employment (Employment Agreement).  The Employment Agreement included an arbitration provision in which Santana and Postmates "mutually agree[d] to resolve any disputes between them exclusively through final and binding arbitration instead of filing a lawsuit in court."[3]  The arbitration provision stated that it was "governed exclusively by the [FAA] and shall apply to any and all claims between the Parties, including but not limited to . . . the Contractor's classification as an independent Contractor."

The arbitration provision included a class action waiver and a representative action waiver.  The representative action waiver stated that the parties agreed that "by entering into this Agreement, they waive their right to have any dispute or claim brought, heard or arbitrated as a representative action, or to participate in any representative action, and an arbitrator shall not have any authority to arbitrate a representative action."

---

[2] Santana's complaint uses the term "driver."  Postmates refers to its drivers as "couriers."  Both parties use the term "courier" in their briefs, and we therefore do so as well.

[3] Santana originally signed a version of the Employment Agreement that was effective March 1, 2017.  She later agreed to a version effective May 11, 2018.  The relevant provisions are the same in both versions.

3

The Employment Agreement included a provision permitting Santana to opt out of the arbitration provision. She did not do so.

**2.  Santana's Complaint**

Santana filed her original complaint in this action on September 4, 2018. The complaint alleged a single cause of action "on behalf of aggrieved employees" pursuant to the PAGA.

Santana claimed that Postmates willfully misclassified its couriers as independent contractors rather than employees to minimize costs. She alleged that Postmates's couriers are "under the control and direction of POSTMATES in connection with the performance of their work, perform work that is part of the usual course of POSTMATES' business, and are not customarily engaged in an independently established trade, occupation or business in the same nature of the work performed for POSTMATES."

Santana alleged that Postmates's misclassification of its couriers as independent contractors deprived her and other couriers of various statutory and regulatory rights given to employees, including minimum wages, mandated meal breaks, rest breaks, premium payment for missed breaks, itemized wage statements, timely payment of wages, and workers compensation protection. Santana sought penalties, attorney fees and costs "individually, and on behalf of all aggrieved employees," which, under the PAGA, would be distributed 75 percent to the Labor and Workforce Development Agency (Agency) and 25 percent to the aggrieved employees. (See § 2699, subd. (i).)

Santana subsequently filed a first amended complaint (FAC) to clarify that she sought only civil penalties under the PAGA and not any individual relief. Like her original complaint,

4

Santana's FAC sought civil penalties under section 2699 along with attorney fees and costs, and also clarified that Santana "is not seeking any sort of individualized (i.e., victim-specific) relief as described in *Esparza v. KS Industries, L.P.* ([2017]) 13 Cal.App.5th 1228 [(*Esparza*)]."[4]

### 3.      Postmates's Motion to Compel Arbitration

Postmates filed a petition to compel arbitration on October 12, 2018.  The petition acknowledged the holding in *Iskanian* that PAGA waivers are unenforceable under state law. (See *Iskanian, supra,* 59 Cal.4th at p. 384.)  However, Postmates argued that the representative action waiver in the Employment Agreement should be enforced because *Epic Systems* undermined the basis for our Supreme Court's holding in *Iskanian.* Postmates also argued that, even if the holding in *Iskanian* still applied, Santana's individual claims must be arbitrated.

---

[4] *Esparza* held that an employee who asserts claims for individual, "victim-specific" relief along with a PAGA claim for civil penalties may be compelled to arbitrate the individual claims.  (*Esparza, supra,* 13 Cal.App.5th at p. 1234.)  In the trial court, Postmates argued that Santana's decision not to assert any claim for individual relief meant that she was not an "aggrieved employee" and therefore lacked standing to sue under the PAGA. (See § 2699, subds. (a) & (c).)  The trial court did not reach the issue, and Postmates has not raised it on appeal as an alternative ground for reversal.  In any event, the argument has now been foreclosed by our Supreme Court's decision in *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 85 (*Kim*) ["The statutory language reflects that the Legislature did not intend to link PAGA standing to the maintenance of individual claims when such claims have been alleged"].)

In her opposition, Santana argued that *Epic Systems* did not consider whether the FAA preempts the state law rule established in *Iskanian* prohibiting enforcement of PAGA waivers. She argued that the trial court was therefore obligated to follow the holding in *Iskanian*. Santana also confirmed that she did not seek individual remedies.

The trial court denied Postmates's petition. The court concluded that it was "bound by *Iskanian*" because the United States Supreme Court did not decide the "same question differently" in *Epic Systems*. And the court concluded that there were no claims for individual relief to be arbitrated because Santana sought only civil penalties in a representative claim under the PAGA.

## DISCUSSION

### 1.    Appealability

The absence of any request for individual relief in Santana's FAC suggests that this appeal may be moot. Neither party has raised this issue,[5] but we may examine it on our own initiative. (See *City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479 (*City of Hollister*).)

Postmates requests that this court reverse the trial court's ruling and "order Santana to arbitrate any and all claims against Postmates on an individual basis." But Santana's FAC confirms that Santana asserts no such individual claims. And Postmates is not entitled to, and apparently does not seek, arbitration of Santana's representative PAGA claim. The contractual provision

---

[5] Nor has Santana raised as an alternative ground for affirmance that no arbitrable issue would exist even if Postmates were to prevail on appeal.

6

on which Postmates relies is a representative action *waiver*, not an arbitration agreement. The representative action waiver in the Employment Agreement specifically states that "an arbitrator shall not have any authority to arbitrate a representative action." Thus, if this provision is enforceable, the remedy would be dismissal, not arbitration.[6]

However, Postmates's appeal concerns the enforceability of one component of a broad arbitration provision that is designed to ensure that any disputes arising from a courier's work for Postmates be decided in arbitration rather than litigation. The statutory right to appeal from an order denying arbitration is intended to avoid the need for lengthy and expensive litigation where parties have agreed to arbitrate their disputes. (See *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 99–100.) Dismissing this appeal as moot would require the parties to proceed through litigation to a final judgment before an appeal is considered. Considering the appeal now furthers the policy underlying the right to appeal from an order denying a claimed arbitration right.

Moreover, even when an appeal is technically moot we may consider it if " 'there may be a recurrence of the same controversy between the parties and the parties have fully litigated the issues.' " (*City of Hollister, supra,* 165 Cal.App.4th at p. 480,

---

[6] Even if Santana had agreed to arbitrate her representative PAGA claim, that agreement would likely not have been enforceable. (See *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, 992 (*Provost*) [citing cases holding that "an aggrieved employee's predispute agreement to arbitrate PAGA claims is unenforceable absent a showing the state also consented to the agreement"].)

7

quoting *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 480.) Here, although there are no issues to arbitrate no matter who prevails on appeal, if we were to dismiss this appeal as moot Postmates could raise the same issue of the enforceability of Santana's representative action waiver in a motion challenging Santana's FAC or in a motion for summary judgment. Assuming that the trial court acted consistently in denying such a motion, the issue could then be raised in a posttrial appeal.

Delaying consideration of an issue that has already been fully briefed on appeal and will likely recur would "waste . . . judicial resources." (See *City of Hollister, supra,* 165 Cal.App.4th at p. 480 [deciding appeal that, if dismissed as moot, would "only trigger another round of litigation, perhaps followed by yet another appeal"].) We therefore proceed to consider the merits of the appeal.

2. ***Epic Systems* Did Not Decide the Same Issue as *Iskanian* Concerning the Enforceability of Representative Action Waivers**

As in the trial court, Postmates argues on appeal that the United States Supreme Court's decision in *Epic Systems* abrogated the holding in *Iskanian* concerning the enforceability of PAGA waivers. We disagree.

In *Iskanian,* our Supreme Court considered the enforceability of both PAGA waivers and class action waivers in the context of employment contracts. The court held that in light of the United States Supreme Court decision in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 (*Concepcion*) the state rule limiting class action waivers in employment contracts that our Supreme Court had previously established in *Gentry v.*

8

*Superior Court* (2007) 42 Cal.4th 443 (*Gentry*) was preempted by the FAA. (*Iskanian, supra,* 59 Cal.4th at p. 364.) The court also rejected the argument that class action waivers in employment contracts are invalid because class actions are a type of concerted activity that is protected under the National Labor Relations Act (NLRA) (29 U.S.C. § 151 et seq.). The court held that, in light of *Concepcion,* a rule against class action waivers is invalid because it interferes with "fundamental attributes of arbitration" and there is no basis to conclude that the NLRA established a contrary rule that overrides "the FAA's mandate." (*Iskanian, supra,* 59 Cal.4th at pp. 372–373.)

However, with respect to a representative PAGA claim, our Supreme Court held that: (1) a waiver of the right to bring such a claim is invalid under state law, and (2) this state law rule is not preempted by the FAA. (*Iskanian, supra,* 59 Cal.4th at pp. 382–389.) The court explained that a representative PAGA claim is not a private action brought by an individual or a class of individuals, but instead is a type of qui tam action brought by a plaintiff on behalf of the state. In that role, a PAGA plaintiff may collect civil penalties for Labor Code violations, 75 percent of which go to the Agency and 25 percent of which are awarded to the plaintiff. (§ 2699, subd. (i); *Iskanian,* at pp. 380–382.) The court reasoned that "the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency." (*Iskanian,* at p. 384.)

Postmates acknowledges that this court must follow the holding in *Iskanian* unless the United States Supreme Court has "decided the same question differently." (See *Truly Nolen of America v. Superior Court* (2012) 208 Cal.App.4th 487, 507 (*Truly*

9

*Nolen*).) Postmates argues that the United States Supreme Court did just that in *Epic Systems.*

In *Epic Systems,* the court did in fact decide one of the same questions that our Supreme Court considered in *Iskanian.* Consistent with our Supreme Court's holding in *Iskanian,* the high court held that the NLRA's protection of the right of workers to engage in collective bargaining and other collective conduct, including the right "to engage in other concerted activities for the purpose of . . . other mutual aid or protection" does not override the FAA's protection of the right to agree to individual arbitration in lieu of class actions. (29 U.S.C. § 157; see *Epic Systems, supra,* 138 S.Ct. at pp. 1625–1627.) But that issue is not the one that is relevant here. The high court did not consider or decide the issue our Supreme Court decided in *Iskanian* that controls the outcome in this case—i.e., whether the FAA preempts a state law rule prohibiting waiver of a worker's right to bring a representative action on behalf of the state.

There was no need in *Epic Systems* for the court to address *representative* actions at all, and the court did not do so. Rather, as the court explained, the question at issue in that case was whether employees and employers should "be allowed to agree that any disputes between them will be resolved through one-on-one arbitration? Or should employees always be permitted to bring their claims in *class or collective actions*, no matter what they agreed with their employers?" (*Epic Systems, supra,* 138 S.Ct. at p. 1619, italics added.)

Answering that question did not require the court to decide whether a worker may waive the right to bring a *representative* action on behalf of a state government. Nor did it require the court to address the fundamental ground of our Supreme Court's

10

decision in *Iskanian*. As discussed, the court in *Iskanian* held that a PAGA action is not an individual dispute at all, but is an action brought on behalf of the state by an aggrieved employee who is designated by statute to be a proper representative to bring such an action.

Thus, it is clear that the United States Supreme Court did not consider the *same* issue concerning PAGA waivers as our Supreme Court decided in *Iskanian*, much less reach a contrary conclusion. Whether the high court might someday do so is not the issue. Nor is it our task to analyze the United States Supreme Court's reasoning and language to predict how the court might rule if the issue is ultimately presented to it. As the court explained in *Truly Nolen*, with respect to federal statutory issues "intermediate appellate courts in California are absolutely bound to follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the *same* question differently." (*Truly Nolen, supra,* 208 Cal.App.4th at p. 507.) That is true even if the high court decides some *other* issue in a way that casts doubt on our Supreme Court's holding. (*Ibid.* [concluding that the court must follow our Supreme Court's decision in *Gentry* even though the United States Supreme Court's decision in *Concepcion* "implicitly disapproved the reasoning of the *Gentry* court"].)

Postmates's reliance on general language in *Epic Systems* directing that arbitration agreements must be enforced "according to their terms" is therefore unpersuasive. In *Epic Systems,* the high court did not address the *specific* issue underlying our Supreme Court's holding in *Iskanian*. The court's general language in *Epic Systems* concerning the primacy of the FAA does not contradict our Supreme Court's holding that the

11

objectives of the FAA are not at stake in a representative PAGA action because such an action is not a private dispute. (See *Iskanian, supra,* 59 Cal.4th at p. 384.)

Our Supreme Court has not directly addressed whether its holding in *Iskanian* survives *Epic Systems*. However, in several cases decided after *Epic Systems*, the court has emphasized the *representative* nature of a PAGA action. That of course is the key factor underlying the court's decision in *Iskanian* that the FAA does not preempt the state rule prohibiting waiver of PAGA claims.

In *Kim,* the court held that an employee does not lose standing to pursue a representative PAGA claim by settling his or her individual claims for Labor Code violations. (*Kim, supra,* 9 Cal.5th at p. 80.) The court confirmed that a PAGA claim is "legally and conceptually different from an employee's own suit for damages and statutory penalties." (*Id.* at p. 81.) The court cited its conclusion in *Iskanian* that "a PAGA claim is an enforcement action between the [Agency] and the employer, with the PAGA plaintiff acting on behalf of the government." (*Id.* at p. 86.)

In *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175 (*ZB*) the court held that some individual compensatory remedies are not available in a representative PAGA action. (*Id.* at p. 182.) In doing so, the court cited its holding in *Iskanian* that predispute waivers of the right to bring such a representative action are unenforceable, affirming its conclusion that "the FAA did not preempt this rule or otherwise require enforcement of such a waiver in an arbitration agreement." (*Id.* at p. 185, citing *Iskanian, supra,* 59 Cal.4th at pp. 384–389.)

12

In addition, several Court of Appeal decisions, including a prior decision by this court, have either held or assumed that the state rule prohibiting PAGA waivers announced in *Iskanian* survives *Epic Systems.* In *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602 (*Correia*), Division One of the Fourth Appellate District rejected the argument that Postmates makes here. The court cited *Iskanian*'s holding that "a ban on bringing PAGA actions in any forum violates public policy and that this rule is not preempted by the FAA because the claim is a governmental claim." (*Id.* at p. 619.) The court noted that *Epic Systems* concerned a different issue concerning the enforceability of an "individualized arbitration agreement" in light of the NLRA. The court concluded that *Epic Systems* therefore did not "decide the *same* question differently." (*Ibid.*)[7] In *Provost,* that

[7] Postmates attempts to distinguish *Correia* on the ground that, unlike the Employment Agreement at issue here, the arbitration agreement in that case did not include an opt-out provision. The difference is irrelevant to the only argument that Postmates makes on appeal. Postmates argues that, under *Epic Systems,* the FAA preempts the state law rule announced in *Iskanian* that PAGA claims are nonwaivable. By preserving the option of pursuing a PAGA claim for aggrieved employees, an opt-out provision might be relevant to the *applicability* of that state law rule. But Postmates does not explain why such a provision has any bearing on whether the FAA *preempts* it. In any event, the opportunity to opt out of a PAGA waiver provision before the inception of any dispute has been repeatedly rejected as a defense to unenforceability under the court's rationale in *Iskanian.* (See *Juarez v. Wash Depot Holdings, Inc.* (2018) 24 Cal.App.5th 1197, 1203; *Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 647–648; *Securitas Security Services USA, Inc. v. Superior Court*

13

same court subsequently reaffirmed its ruling in *Correia* that "*Epic* did not overrule *Iskanian.*" (*Provost, supra,* 55 Cal.App.5th at p. 997.) And another division of the Fourth District has followed *Correia* "in holding that [*Epic Systems*] does not undermine the reasoning of *Iskanian.*" (*Collie v. The Icee Co.* (2020) 52 Cal.App.5th 477, 480.)

Division Two of the First Appellate District also recently adopted the holding in *Correia.* In *Olson v. Lyft, Inc.* (2020) 56 Cal.App.5th 862, the court concluded that *Correia* had "thoughtfully analyzed" and rejected the argument that *Iskanian* is no longer good law in light of *Epic Systems.* (*Id.* at p. 864.) And in *Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659, 671 (*Zakaryan*), in the course of deciding a different issue, this court cited *Correia* in noting that "*Epic Systems* did not overturn *Iskanian,* as only *Iskanian* deals with a 'claim for civil penalties brought *on behalf of the government.*' "[8]

Consistent with these cases, we conclude that *Epic Systems* did not decide the same issue concerning the enforceability of

---

(2015) 234 Cal.App.4th 1109, 1121–1122; see also *Provost, supra,* 55 Cal.App.5th at pp. 993–994.)

[8] Our Supreme Court disapproved *Zakaryan* on an unrelated ground. *Zakaryan* held that an employee's PAGA claim seeking remedies under section 558 could not be split between an arbitrable claim for underpaid wages and a PAGA claim for statutory penalties. (See *Zakaryan, supra,* 33 Cal.App.5th at p. 671.) In *ZB,* our Supreme Court disapproved that holding to the extent that it is inconsistent with the court's holding in *ZB* that "unpaid wages under section 558 may not be recovered through a PAGA action." (*ZB, supra,* 8 Cal.5th at p. 196, fn. 8.)

PAGA waivers that our Supreme Court decided in *Iskanian*. We therefore follow *Iskanian* in affirming the trial court's order denying Postmates's petition for arbitration.

## DISPOSITION

The trial court's order is affirmed. Santana is entitled to her costs on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

15