Filed 6/15/21  Lile v. Mr. Wheels CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DAVID LILE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MR. WHEELS, INC.,<br><br>Defendant and Appellant. | B303239<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV30636) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard J. Burdge, Jr., Judge.  Reversed and remanded.

Fisher & Phillips, Christopher C. Hoffman, Megan E. Walker and Kevonna J. Ahmad for Defendant and Appellant.

Stevens & McMillan, Daniel P. Stevens, Heather K. McMillan and Lizeth Perales for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Mr. Wheels, Inc., doing business as AutoNation Toyota Cerritos, appeals from the order denying its motion to compel arbitration of plaintiff and respondent David Lile's individual claims. Plaintiff, defendant's former employee, did not allege any class action, private attorney general or representative claims.

We reverse and remand with directions to the trial court to vacate its order and enter a new order granting defendant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for defendant from 1980 until his termination of employment in October 2018. After his termination, plaintiff sued defendant for disability discrimination, wrongful termination and various claims alleging violations of the Labor Code. Plaintiff did not allege any cause of action under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.) or any class or representative claims of any kind.

Defendant filed a motion to compel arbitration. In support of its motion, defendant attached a copy of a two-page agreement, signed by plaintiff in April 2013, titled "Arbitration Agreement." Under the heading "Waiver of Right to Participate in Class Actions," the agreement states: "Employee understands and acknowledges that the terms of this Agreement include a waiver of any substantive or procedural rights that Employee may have to bring or participate in an action on a class, collective, private attorney general, representative or other similar basis. This class action waiver does not take away or restrict the right of Employee to pursue Employee's own claims, but only requires that any such claims be pursued in Employee's own individual

2

capacity, rather than on a class, collective, private attorney general, representative or similar basis."

The agreement also contains a severability provision that includes a non-severability clause: "[i]f any portion of this Agreement is deemed invalid or unenforceable, it shall not invalidate the other provisions of this Agreement; *provided however, that if the provision prohibiting classwide arbitration is deemed invalid or unenforceable, then this entire Arbitration Agreement shall be null and void.*"  (Italics added.)

In opposing the motion, plaintiff argued the non-severability clause includes both class actions and PAGA claims, and since a waiver of PAGA claims is unenforceable, the entire arbitration agreement is null and void.  Further, plaintiff argued that to the extent the provision was ambiguous, the ambiguity must be construed against defendant as the drafting party.  He also made an unconscionability argument in the alternative.

Defendant replied that plaintiff's individual claims fell within the scope of the agreement, the PAGA waiver was severable, and plaintiff failed to show any procedural or substantive unconscionability, other than the arbitration agreement was a contract of adhesion—a fact which did not make it per se unenforceable.

After argument and supplemental briefing, the trial court found the agreement was null and void and denied defendant's motion.  The court did not reach the unconscionability issue.

This appeal followed.

## DISCUSSION

We are asked to decide whether the trial court correctly construed the language of the parties' arbitration agreement. Our review of this issue is de novo.  (*Mendez v. Mid-Wilshire*

3

*Health Care Center* (2013) 220 Cal.App.4th 534, 541 ["where the trial court's denial of a petition to arbitrate presents a pure question of law, we review the order de novo"]; *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109, 1116 (*Securitas*) [" 'in cases where "no conflicting extrinsic evidence is introduced to aid the interpretation of an agreement to arbitrate, the Court of Appeal reviews de novo a trial court's ruling on a petition to compel arbitration" ' "].)

In resolving a motion to compel arbitration, the "parties' contractual intent is paramount . . . . [T]he 'overarching principle [is] that arbitration is a matter of contract' and 'courts must "rigorously enforce" arbitration agreements according to their terms.' " (*Securitas, supra*, 234 Cal.App.4th at p. 1125.)

The arbitration agreement here clearly provides that any claim "arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment from, or other association with the Company, shall be resolved through mandatory, neutral, binding arbitration on an individual basis only." The agreement expressly states that any arbitration conducted pursuant to the agreement shall be governed by the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.).

There is no dispute that *all* of plaintiff's claims were *individual* claims arising from his employment and termination by defendant—claims that fall squarely within the scope of the arbitration agreement. At no point did plaintiff seek to amend his pleading to include a claim under PAGA or any type of class or other representative claim.

Nevertheless, plaintiff argued, and the trial court agreed, that because PAGA waivers are unenforceable, the entire

4

arbitration agreement here was null and void because it contained a PAGA waiver—despite the fact plaintiff has not alleged any PAGA claim, and defendant has never sought to enforce a PAGA waiver.

More than a year after the parties entered into the arbitration agreement, our Supreme Court issued its decision in *Iskanian v. CLS Transportation Los Angeles* (2014) 59 Cal.4th 348 in which it concluded that "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy" and further, that "the FAA does not preempt a state law that prohibits waiver of PAGA representative actions in an employment contract." (*Id.* at p. 360; see also *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 622 ["Without the state's consent, a predispute agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement."].

Plaintiff's chief argument is the trial court correctly construed the severability provision (including the non-severability clause that renders the entire arbitration agreement null and void if the class action waiver is deemed unenforceable) to include class, collective, private attorney general, and any other representative action. Therefore, since PAGA waivers are unenforceable, the non-severability clause renders the entire arbitration agreement null and void. Defendant argues the non-severability clause does not include the PAGA waiver.

We think it is fair to interpret the severability provision to prohibit severability of PAGA claims. But we do not need to

5

decide whether the severability provision is ambiguous and should be construed against defendant. That issue is entirely academic in this case for the simple reason plaintiff did not bring a class, collective, private attorney general, or other such representative action, thus there was no basis for triggering the non-severability clause. Defendant's motion to compel arbitration did not seek to enforce either a waiver of a class action or a waiver of a PAGA claim. The provisions in the arbitration agreement concerning the waiver of class or representative actions and the non-severability clause are surplusage in this case. Defendant's motion sought to compel arbitration of plaintiff's individual claims, all of which were plainly covered by the arbitration agreement.

The cases cited by plaintiff where arbitration has been denied due to a PAGA waiver are distinguishable as all of them were brought by plaintiffs asserting a PAGA claim. (See, e.g., *Kec v. Superior Court of Orange County* (2020) 51 Cal.App.5th 972; *Juarez v. Wash Depot Holdings, Inc.* (2018) 24 Cal.App.5th 1197; *Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947; *Securitas, supra,* 234 Cal.App.4th 1109.) Plaintiff has not cited any case in which a court denied arbitration because of a PAGA waiver where only individual claims were raised by the plaintiff, nor have we found any.

Moreover, there is nothing in the record to support a conclusion the arbitration agreement was unenforceable due to unconscionability. (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339 (*Concepcion*) [section 2 of the FAA allows arbitration agreements to be "invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability' "]; see also Code Civ. Proc., § 1281 ["A written agreement to submit to arbitration an existing controversy or a controversy thereafter

arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."].)

" '[U]nconscionability has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on ' "overly harsh" ' or ' "one-sided" ' results. [Citation.] 'The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' [Citation.] But they need not be present in the same degree." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114, abrogated in part as stated in *Concepcion, supra,* 563 U.S. 333.)

Plaintiff argues only that the agreement was a contract of adhesion and that it was substantively unconscionable because of the class action waiver which allows defendant to choose the forum. The fact plaintiff was required to sign the agreement as a condition of his continued employment with defendant is minimal procedural unconscionability. (*Gilmer v. Interstate/Johnson Lane Corp.* (1991) 500 U.S. 20, 33 ["Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context."].) As for the class action waiver, defendant has not sought to enforce that provision and, as we already explained, it is not even at issue since plaintiff has not raised any class or PAGA claims. Plaintiff has not demonstrated unconscionability.

## DISPOSITION

The order denying defendant's motion to compel arbitration is reversed and the case remanded to the superior court with

7

directions to vacate its order and enter a new order granting defendant's motion.

Defendant shall recover its costs of appeal.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


OHTA, J.[*]


_____

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.